UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


L.N.F. (XXX-XX-1554)                    CIVIL ACTION NO. 17-cv-0921

VERSUS                                 CHIEF JUDGE HICKS

U.S. COMMISSIONER SOCIAL SECURITY      MAGISTRATE JUDGE HORNSBY
ADMINISTRATION


## REPORT AND RECOMMENDATION

**Introduction**

L.N.F. ("Plaintiff") was born in 1985, has a high school education, and has no past relevant work experience.  She applied for supplemental security income based on allegations she became disabled beginning June 1, 2014 because of high blood pressure and vision problems.  ALJ John Antonowicz held a hearing and issued a written decision that denied the claim.  Tr. 22-30.  The Appeals Council denied a request for review.  Tr. 2-5.  Plaintiff, who is self-represented, filed this civil action to seek review of the Commissioner's final decision.  For the reasons that follow, it is recommended that the decision be affirmed.

**Relevant Facts**

Plaintiff went to the University Health Center emergency room on May 19, 2014 with complaints of swelling behind her eyes, headaches, and high blood pressure.  Her blood pressure was elevated at 181/108, and both eyes showed hemorrhage and papilledema (swelling of the optic nerve due to increased pressure in or around the brain).

Plaintiff was diagnosed with bilateral disk edema and hypertensive urgency, but she left the ER before she could be admitted to the hospital for treatment.

Plaintiff returned two days later and was admitted with an elevated blood pressure and blurred vision. She was started on medications, and she was discharged four days later after her blood pressure and blurred vision improved. Her condition improved in the following weeks with her blood pressure better controlled with medication. Her vision improved in her left eye, but not the right eye. She was reported to have 20/60 vision in the right eye and 20/30 in the left eye. An MRI and CT scan were administered. Neither indicated any problems in the brain.

Plaintiff visited the DeSoto Healthcare Center, beginning in September 2014, about her vision and hypertension. Examination indicated that her vision was impaired, but she refused to do a visual acuity exam, and her blood pressure was high. She was prescribed medications. Progress notes from October 2014 through March 2015 indicated continuing vision problems and that Plaintiff was noncompliant in taking her blood pressure medications.

After Plaintiff filed her application for benefits, the Agency sent her to Lawrence Pham, O.D., for a consultative eye examination. Dr. Pham concluded that Plaintiff had no light perception in her right eye but had 20/20 vision in her left eye. The damage to the right eye was said to be permanent. No corrective lens prescription was required. Dr. Pham opined that Plaintiff could read fine print, large print, work with large objects, drive an automobile, and avoid objects in workplace pathways. He found that she could not operate machinery or avoid people who approached her from the side. He specifically

found that she could read ordinary newspaper or book print, view a computer screen, and determine the difference in shape and color of small objects such as screws or bolts.  Tr. 275-80.

Plaintiff testified at hearing that she could not see at all out of her right eye but she "could see pretty well" with her left eye.  She is licensed and able to drive, but she does not do so.  Plaintiff said she could read with her left eye but had to strain, and she could see things in the distance but "not too far."  She was taking three medications for her blood pressure, which had been lower, and she was on a low sodium diet and was exercising. Plaintiff said her family cooks for her because she trips a lot, and she spends a typical day "just sitting around waiting for my sight to come back or something."  Plaintiff had minimal earnings from a couple of jobs she held many years ago, but she said she had not worked since 2011 other than doing a little private sitting.  None of the work qualified as substantial gainful activity or past relevant work.  Plaintiff said she had not worked at all since January 2015.  Tr. 42-53.

**The ALJ's Decision**

The ALJ analyzed Plaintiff's claim under the five-step sequential analysis established in the regulations. It requires the ALJ to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.  The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the

fifth, the Commissioner must show that there are jobs that exist in significant numbers that the claimant can perform.  If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends.  See Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007).

The ALJ found that Plaintiff was not working (step one) but had severe impairments (step two) of hypertensive retinopathy and hypertension.  The impairments were not so severe, however, to meet or equal a listed impairment (step three) that would require a finding of disability without further consideration of age, education, and other factors.

Before proceeding to steps four and five, the ALJ must assess a claimant's residual functional capacity ("RFC"), which is an assessment of the most a claimant can still do despite her limitations.  Perez v. Barnhart, 415 F.3d 457, 462 (5th Cir. 2005).  The ALJ found that Plaintiff had the RFC to perform the demands of medium work[1] except that, due to loss of vision in her right eye, she would be unable to climb ladders, ropes or scaffolds; cannot work in proximity to unprotected heights or dangerous moving machinery; and cannot perceive objects or persons approaching from the right side.

Plaintiff did not have any past relevant work, so step four was inapplicable.  The ALJ then considered at step five whether Plaintiff could perform the demands of other jobs that exist in significant numbers.  He submitted interrogatories to a vocational expert ("VE") and asked if there would be work available for a person with Plaintiff's RFC, age, education, and work experience.  The VE identified representative occupations such as bus

---

[1]Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. § 404.1567(c) and § 416.967(c).

boy, janitor, dishwasher, dry cleaner, fast food worker, router/dispatcher, and a telephone order clerk. All of those jobs, and others he identified, were medium, light, or sedentary. Tr. 207-12. The ALJ accepted that testimony and determined at step five that Plaintiff was not disabled.

**Standard of Review; Substantial Evidence**

This court's review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard. Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005). "Substantial evidence is more than a scintilla and less than a preponderance." Masterson v. Barnhart, 309 F.3d 267, 272 (5th Cir. 2002). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir.1994). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The court issued a Scheduling Order (Doc. 8) that included instructions for the filing of Plaintiff's brief. The instructions stated that the brief must include a statement of the case that briefly outlines the course of the proceedings and sets forth a brief statement of pertinent facts. The brief must also set forth "the specific errors committed at the administrative level which entitle plaintiff to relief." The Scheduling Order warned that

the court will consider only those errors specifically identified in the briefs, and a general allegation that the ALJ's findings are unsupported by substantial evidence is insufficient.

Plaintiff did not follow those instructions.  She filed a simple statement: "I feel that I have been denied because I didn't have insurance to prove that I am disabled."  She added that she had enclosed some information, which included several pages of medical records. Plaintiff also attached a one-page letter that outlined her medical care and the administrative proceedings.  She stated that she depends on her family for everything, trips over things daily, no longer drives, and has been told by a doctor that she is disabled and has 10% vision left that may also be lost.

Plaintiff does not point to specific medical evidence in support of this claim, and she does not explain how any of the several pages of records help her case.  Most important, her brief does not identify or argue any specific errors committed at the administrative level that she believes are grounds for relief.  Her generic attack is inadequate, especially considering that the ALJ's decision is supported by the report of an examining specialist that was afforded "great weight."  Tr. 27.  The federal court is not allowed to re-weigh the evidence, decide questions de novo, or substitute its judgment for the Commissioner's, even if the court believes the evidence weighs against the Commissioner's decision.  Perez, 309 F.3d at 272.  In this case, the evidence points heavily in favor of the Commissioner's decision, which easily survives review under the substantial evidence standard.

Plaintiff attached to her brief several pages of medical records.  She does not make specific arguments about them, but they could be considered submission of alleged new evidence.  The court may remand a case to the Commissioner if there is a "showing that

there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). The evidence must first be "new," and not merely cumulative of what is already in the record. Pierre v. Sullivan, 884 F.2d 799, 803 (5th Cir.1989). To be material, the evidence must relate to the time period for which the disability benefits were denied. Evidence fails that test if it merely relates to the deterioration of a previously non-disabling condition after the period for which benefits are sought. The evidence must also give rise to a reasonable probability it would change the outcome of the Commissioner's decision. Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995). Finally, the claimant must make a showing of good cause for failing to provide this evidence at the original proceedings. Id.

Most of the records submitted by Plaintiff appear to be cumulative of the reports in the record from University Health. They were considered by the ALJ when he issued his decision. A few of the records attached by Plaintiff relate to treatment received after the ALJ's May 18, 2016 decision. Records of treatment by a new physician after the date of the decision do not warrant remand because they do not relate to the period for which benefits were denied. Deterioration of the claimant's condition after a claim is denied may result in a favorable decision on a new application, but it does not warrant judicial relief with respect to the earlier decision.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be affirmed.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of April, 2018.



Mark L. Hornsby
U.S. Magistrate Judge